UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMAN DEEP SINGH,

                        Petitioner,

v.                                                Case No. 13-CV-198-JPS

WARDEN PAUL KEMPER,

                        Respondent.                    ORDER

       The petitioner, Aman Deep Singh, filed a petition for a writ of *habeas corpus* on February 25, 2013. (Docket #1). The Court examined and denied that petition, finding that Mr. Singh's petition was untimely and that Mr. Singh had failed to exhaust his state remedies. (Docket #3, at 2–3). The Court based this holding on the fact that Mr. Singh informed the Court that he currently has a direct appeal pending. (Docket #1).

       After the Court entered its order and judgment denying Mr. Singh's petition and dismissing the case, Mr. Singh filed a motion for bail and a separate motion for reconsideration. (Docket #5, #6).

       In his motion for reconsideration, Mr. Singh argues that: (1) he has, in fact, exhausted his state remedies by filing petitions for a supervisory writ with the state courts, which the state courts have considered; (2) the Court should hear this matter due to an unreasonable delay in the state process; and (3) that he is actually innocent and currently suffering from a fundamental miscarriage of justice. (Docket #6).

       Even with the benefit of Mr. Singh's additional briefing, the Court remains obliged to conclude that he has not exhausted his state remedies and, therefore, the Court must reaffirm its prior denial of Mr. Singh's

petition. Exhaustion requires that the highest state court—in this case the Wisconsin Supreme Court—have an opportunity to examine and rule upon the merits of Mr. Singh's claim. *See, e.g.*, *Pitchess v. Davis*, 421 U.S. 482, 488 (1975) (state denial of writ of prohibition does not exhaust a claim because it is not an adjudication on the merits of the claim); *Macon v. Lash*, 458 F.2d 942, 948 (7th Cir. 1972) (facts of a claim and its legal merits must be before the state supreme court to establish exhaustion); *Humphrey v. Cady*, 405 U.S. 504, 516, 92 S. Ct. 1048, 1055-56, 31 L. Ed. 2d 394 (1972) (citing *Fay v. Noia*, 372 U.S. 391, 434-435 (1963); *Picard v. Connor*, 404 U.S. 270, 272 n. 3 (1971)); *Ex parte Hawk*, 321 U.S. 114, 116 (1944) (denial of application for extraordinary writ by state appellate courts did not exhaust state remedies where denial did not adjudicate merits).[1]

In this case, neither the Wisconsin Supreme Court nor the Wisconsin Court of Appeals addressed the merits of Mr. Singh's claim for relief in his petition for a supervisory writ. Instead, they simply held that a supervisory

---

[1] For further information on this issue, *see Lynch v. Jenkins*, 09-C-1135, 2010 WL 5437224, at*5 (E.D. Wis. Dec. 23, 2010) (stating that exhaustion doctrine is designed to give state courts the opportunity to resolve federal questions before a federal court intervenes, and, therefore, the state appellate courts must have the opportunity to review claims) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Rodriguez v. Scillia,* 193 F.3d 913, 916–18 (7th Cir.1999); *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam); *Picard,* 404 U.S. at 275); *U.S. ex rel. Hanrahan v. Klincar*, 650 F. Supp. 229, 230 (N.D. Ill. 1986) ("If a state supreme court denies an application for an extraordinary writ without adjudicating the merits of the claim presented, petitioner must pursue existent lower court remedies to satisfy the exhaustion requirement.") (citing *Pitchess,* 421 U.S. at 488); *U.S. ex rel. Lancaster v. Prisoner Review Bd.*, No. 83-CV-3626, 1985 WL 992 (N.D. Ill. Apr. 30, 1985) ("Thus, a state supreme Court's denial of an application for an extraordinary writ does not satisfy the exhaustion requirement where denial did not constitute an adjudication of the merits of the claims presented, and where other more appropriate remedies exist.") (citing *Pitchess*, 421 U.S. at 488).

writ was inappropriate, *procedurally*. (*See, e.g.*, Docket #1, Ex. 1, at 3 ("Here, Singh has failed to show that an appeal is an inadequate remedy, that the circuit court has a plain duty that it has violated, or that the circuit court's actions are prejudicial or involve extraordinary hardship."), 5 (affirming denial of writ, holding that clarification and reconsideration were not warranted), 7 (holding that submission was another request for reconsideration, and holding that reconsideration was not warranted; further stating that "Singh has appealed the convictions he is attempting to overturn by writ; he is not presently prohibited from briefing his claims of circuit court error on appeal"), 1 (Wisconsin Supreme Court decision, denying supervisory writ *ex parte* without any discussion of the merits)).

Therefore, Mr. Singh has failed to exhaust his state remedies because the Wisconsin Supreme Court has not yet had an opportunity to review the merits of Mr. Singh's claims, and meanwhile his direct appeal remains pending.

As to Mr. Singh's other claims for relief—unreasonable delay and a miscarriage of justice—the Court cannot conclude that such circumstances exist. Mr. Singh has acknowledged that his direct appeal is still pending in the state courts. The Court understands and is sympathetic to his desire to leave prison, but the criminal appeals process governs and is currently addressing his claims. That process may be slower than Mr. Singh would like, but the Court is unable to conclude that it is unreasonable or that there has been a fundamental miscarriage of justice, either in Mr. Singh's conviction or in the appeals process. Therefore, this Court cannot act further until the state courts have had the full and fair opportunity to rule upon Mr.

Singh's direct appeal. At that time, he will need to file a new petition for a writ of *habeas corpus.*

For all of these reasons, the Court is obliged to deny Mr. Singh's motion for reconsideration. (Docket #6). In denying Mr. Singh's motion, the Court must also warn him that it is aware of his practice of filing excessive motions for reconsideration, as evidence by his multiple filings with the Wisconsin Court of Appeals. (*See, e.g.*, Docket #1, Ex. 1, at 2–7 (at least two motions for reconsideration filed with Wisconsin Court of Appeals)). Fearful of a similar fate, the Court finds it appropriate to preemptively warn Mr. Singh that if he takes a similar course of conduct in this matter as he did before the Wisconsin Court of Appeals—filing excessive and frivolous motions for reconsideration—this Court may find it appropriate to impose monetary sanctions against Mr. Singh.

Finally, the Court cannot determine that Mr. Singh should be released from prison, as he requests in his motion for bail. (Docket #5). Mr. Singh's petition makes clear that he was convicted of at least two of the three crimes charged against him in the indictment—specifically, violations of Wis. Stat. § 961.43(1)(a) and Wis. Stat. § 450.11(7)(a). In his petition, Mr. Singh raises objections only to his conviction for violating Wis. Stat. § 450.11(7)(a). Therefore, even if the Court were to find that conviction to be in error, it appears that Mr. Singh would still be required to serve the remainder of his sentence pursuant to Wis. Stat. § 961.43(1)(a). Therefore, in light of that fact and the Court's determination that it cannot hear Mr. Singh's petition at this time, release is particularly inappropriate in this case, and the Court is obliged to deny Mr. Singh's motion for bail.

Accordingly,

IT IS ORDERED that the petitioner's motion for bail (Docket #5) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the petitioner's motion for reconsideration be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge