UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMAN DEEP SINGH,

                              Petitioner,

v.                                          Case No. 13-CV-198-JPS

WARDEN PAUL KEMPER,

                              Respondent.                    ORDER

---

        The petitioner, Aman Singh, filed a petition for a writ of *habeas corpus* on February 25, 2013. (Docket #1). The Court denied that petition and dismissed the action. (Docket #3). Mr. Singh thereafter filed a motion for bail and a motion reconsideration. (Docket #5, #6). The Court denied both of those motions as well. (Docket #7). Now, in a pattern similar to that confronted by the state courts, Mr. Singh has again filed a motion for reconsideration. (Docket #8). For the reasons below, the Court is obliged to deny this latest motion.

        District courts should grant motions for reconsideration only in limited circumstances. Reconsideration is appropriate only where there is: (1) a change in controlling law; (2) the availability of new evidence; or (3) a need to correct clear error or prevent manifest injustice. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995); *see also, Geneva International Corp. v. Petrof, Spol, S.R.O.*, 608 F. Supp. 2d 993, 997–98 (N.D. Ill. 2009); *Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185, 1191 (7th Cir. 1990) *United States v. Petersen Sand & Gravel, Inc.*, 806 F. Supp. 1346, 1360 (N.D. Ill. 1992).

Mr. Singh presents none of those circumstances to this Court. He has not identified any change in controlling law or new evidence to the Court. Given that he has submitted an additional brief in connection with his motion for reconsideration (Docket #8, #9), it can be understood that he requests reconsideration to prevent manifest injustice. But, he merely rehashes his arguments, which the Court has already informed him it is unable to hear, and any new arguments are unavailing. The state courts have not had a *fair* opportunity to rule upon the merits of Mr. Singh's case,[1] and thus he has not satisfied the exhaustion requirement to proceed with a petition for a writ of *habeas corpus. Wallace v. Duckworth*, 778 F.2d 1215, 1223 (7th Cir. 1985) (citing *United states ex rel. Sullivan v. Fairman*, 731 F.2d 450, 453 (1984); *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)) (state court must have fair opportunity to consider the issues, requiring that the

---

[1] The Wisconsin Court of Appeals noted in a February 15, 2013, order that Mr. Singh should have presented "his clams for substantive relief in his appellate briefs, in the format and within the framework described in Wis. Stat. Rule 809.19 (2011–12)." The Court also informed Mr. Sing that "[f]urther motions by Singh to obtain substantive relief from his criminal convictions by procedural motion will be placed in the file without response. The court will consider theories Singh may have in support of his claims for relief only after those theories are fully briefed pursuant to Rule 809.19." (Docket #5, at 10 (February 15, 2013, Order of Wisconsin Court of Appeals)). This discussion makes clear that the merits had not yet been fully briefed, in compliance with the Wisconsin Court of Appeals' procedures, and thus the claims were not yet exhausted. *See, e.g.*, *Wallace*, 778 F.2d at 1223 ("To expect state courts to ignore their own rules would be contrary to the purposes behind the exhaustion rule. The exhaustion rule is a rule of comity which recognizes that, while it is necessary for the federal courts to be available to protect the rights of state prisoners, it is also necessary that state courts be permitted to function without undue interference"); *Carter v. Estelle*, 677 F.2d 427, 443 (7th Cir. 1982) ("If a petitioner wishes to exhaust his claims, he is expected not only to use the normal avenues of relief but also to present his claims before the courts in a procedurally proper manner according to the rules of the state courts")

"'substance' of the constitutional must be 'fairly presented'" to the court). In fact, this case is much like that considered by the Seventh Circuit in *Wallace*, where "petitioner insisted on filing *pro se* petitions [in the state court] although he was represented by an attorney, who was capable enough to follow the proper procedure for filing an appeal….Petitioner's real problem was not that he could not understand the rules, but that the rules required that he wait until his direct appeal was completed…" *Wallace v. Duckworth*, 778 F.2d at 1224–25. As the Court mentioned previously, it understands Mr. Singh's desire for relief. But the merits of his arguments do not seem to have even been fairly presented yet, because there has not yet been briefing in accordance with the Wisconsin Court of Appeals' procedural rules, despite Mr. Singh's extremely persistent efforts to have his substantive arguments heard.

Therefore, as the Court has already twice adjudged, the Court is obliged to determine that Mr. Singh has not yet exhausted his state remedies. The Court must deny his motion for reconsideration.

The Court also again refuses to grant Mr. Singh's request for relief on bond. The Court previously noted that Mr. Singh is incarcerated on at least two counts, only one of which he takes issue with. Mr. Singh, however, has noted that in other similar cases, an entire guilty plea has been voided when only one charge was found deficient. That may be so, but such fact would not guarantee Mr. Singh immediate release, and the cases he has cited do not address the issue of release. *See, e.g.*, *State ex rel. Jacobus*, 198 Wis. 2d 783, 544 N.W.2d 234 (Ct. App. 1995), *rev'd by State ex rel Jacobus*, 208 Wis.2d 39, 559 N.W.2d 900 (1997); *State v. Briggs*, 218 Wis. 2d 61, 579 N.W.2d 83 (Ct. App.

1998). *(See also* Docket #5, at 14 (January 17, 2013, Order of Wisconsin Court of Appeals)).

Finally, the Court reiterates a warning to Mr. Singh. In its last order, the Court found "it appropriate to preemptively warn Mr. Singh that if he…fil[es] excessive and frivolous motions for reconsideration," the Court may impose monetary sanctions upon him. (Docket #7, at 4). The public records and those submitted to this Court make clear that Mr. Singh has a habit of filing large amounts of briefs when he is unhappy with a Court's ruling. Indeed, that seems to be the very reason Mr. Singh is currently before this Court, as he was apparently unable to wait for a decision on the merits of his appeal before the Wisconsin courts. Mr. Singh has now filed two motions for reconsideration before this Court. By this order, the Court issues another preemptive warning—it gives Mr. Singh the benefit of the doubt and will not treat this most recent motion as frivolous. But, Mr. Singh is treading on thin ice. If he continues to engage in burdensome and dilatory motion practice as it appears he has done before the Wisconsin courts, then this Court may be obliged to impose appropriate monetary sanctions.

Accordingly,

IT IS ORDERED that Mr. Singh's motion for reconsideration (Docket #8) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 3rd day of April, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 4 of 4